Good morning and welcome to the Fourth Circuit. We're prepared to hear argument on our first case 12-4775 the United States v. Kerr. Mr. Crump we'll be glad to hear from you. Mr. Crump before you begin let me just suggest that the supplemental briefing that we had the parties do may have led you all down some rabbit trails we don't necessarily need to go down which is our fault not yours. So you might begin with directly addressing the Simmons factors the application of Simmons by reason of the the offense level the criminal history and whether findings of aggregation the exact test that was set out in Simmons because depending upon the resolution of that question the other items on the mandate and ineffective assistance of counsel and whatnot might not be quite as important so I didn't want you all to use all your time on that and skip over the the main meat so to speak. Thank you your honor and good morning to this Norman Kerr contends that for federal criminal law purposes under the North Clyde structure since that a sense which is imposed for a particular offense for a particular prior record level in the mitigated range of punishment is for an offense which it which is different than an offense in the aggravated range of punishment and the core of Norman Kerr's argument is that he could not have been sentenced before he was convicted that that 18 922 g1 prescribes a conviction for a crime punishable by more than one year he could not have been sentenced in North Carolina before he was convicted and he could not have been convicted before the Honorable State District Court judge found the sense and range obviously she had to find the offense class the prior record level but she had she had also defined the range of punishment before he was convicted once he was convicted then his exposure began and an analogy that Norman Kerr might make a little bit different would be to our federal system rule 11 colloquy and the defendant stands in front of the district court judge and and goes to a lengthy 20 30 minute colloquy the judge finds that the plea is freely voluntarily made accepts the plea then there's a factual basis and there's a census deferred or accepts of the police deferred to you had to the steps of factual basis in that federal case the defendant had been convicted even though his plea is freely involuntarily made he hasn't been convicted until that judge finds their factual basis to support his plea well in Simmons the court said that applicability of the range of punishment for the actual defendant not a hypothetical actual defendant requires the examination of three pieces of evidence the offense class the prior record level and the applicability of the aggravated sentencing range and I don't think any of those are at issue in this case is that correct there is an issue your honor the issue is what what is meant by that footnote 9 by aggravated sense of range it Norman Carr contained aggravated would mean mitigated was it we would contend it does mean mitigated that that that the word aggravated means is it the presumptive range of punishment is it the mitigated range of punishment or is it aggravated over is that range that we say aggravated range of punishment there has to be a deference to the state judge to make a determination as to the level of aggravation so there are three factors the fence prior record criminal history and then the level the sense and range and that would be when the court says aggravated sense and range if the court just took that literal and not in the spirit of the law then that would eliminate the presumptive range and you just go with Pruitt well the footnote actually says the applicability of the aggravated sentencing range and I guess you're saying that whether or not that sentencing range applies is for the judge to decide that's correct your perspective aggravation anyway as to the factors in North Carolina most all of those factors are now for a jury to decide in the first instance and the judge decides whether or not there are mitigating circumstances then weighs those circumstances and just deciding whether or not to impose a mitigated sentence but all of that is in the judge's discretion and we're no longer in this case in my mind anyway dealing with a theoretical defendant because we have a defendant that fact is subject to a sentence in excess of one year if the judge in his discretion decides to impose it so what the Simmons have to do with this case what was Simmons say is it says that this is a legislative mandate it's not a guideline system and they're there for each each felony offense they're 18 Pacific offense 18 Pacific ranges 18 offenses so in this particular case for for Lawrence break-and-entering class H prior left for there would be three separate offenses well I mean three separate ranges of punishment for the same offense I'm not sure I buy that they're three separate offenses the defendant has been convicted of an offense the question is where in that table is the judge ultimately going to land and it seems to me that if the judge has discretion to decide whether or not to longer dealing with a theoretical worst-case scenario defendant that Simmons was talking about that your honor the judge does not have we respectfully take issue that the jet the judge's discretion the judge has discretion as to the to the punishment range but once the judge exercises that discretion and finds that the factors in mitigation outweigh the aggravate factors and aggravation and that the mitigated range of punishment is appropriate then that judge's discretion has been circumscribed by the legislature and she can't give more than 11 months let me ask you this you know I suppose that's a rule we could a holding we could we could impose in this case but I don't think it's fair to say that that's what Simmons dictates as a matter of law given the facts and Simmons you agree with that your honor I don't think a yes answer to judge Diaz hurt you oh it may not be the answer you prefer but I don't think it hurts you can I give a yes answer certainly all I'm saying is if you want us to go down that route Simmons is not the vehicle it doesn't really dictate the result in this case is that fair I mean Simmons does not mandate but such a rule would be perfectly consistent with that the rule would be consistent and Simmons did make a distinction between that aggravated range of punishment and the presumptive range of punishment and Simmons correctly would say that the aggravated range is a different offense presumptive range is a different offense and what Carl would ask this court to do is it stand the logic to this narrow range of cases and make Simmons perfectly logical that the mitigated range of punishment is also a specific distinct defense several really be a narrow range though because you tell me where I'm off base here if this is not your position but it seems to me your position now is that even though the judge has the discretion with the specific defendant based on that defendants criminal history and offense level even though the judge by statute in North Carolina has the discretion to sentence them to a sentence in excess of twelve months if they in fact impose a range that does not exceed the twelve months it is the fact of the actual sentence imposed that determines whether or not they're either sentenced under the armed career criminal guideline or whether they would in fact have been guilty as a felon for possessing a firearm you know that's that is not how car or the pellet would characterize the judges discretion but tell us you tell us what the rule would be if we ruled in your favor in this case because it's not just going to apply to you a lot a lot of other people well it's just like footnote 9 it's very simple in term of crime is punishable on the act rather than 12 months look at the judgment look at the first page of the judgment see the offense class the prior record level and a record of aggravation and it in this particular case being the so it would depend upon the level in which the judge chose to exercise his or her discretion to sentence that's correct that's correct that it's not a guideline system like prior level four from a minimum of seven months to say well over 14 the minimum in the mitigated range is seven the maximum the presumptive I know was 14 I don't know what the maximum in the aggravated is but the judges discretion is not a guideline system the judges discretion is to determine the range of punishment and the legislation just as it's a it's a mandated system is the determinant sentence and statute it's not like it's not like the authority of a federal judge it is so circumscribed that that her authority is just determined the range but once she determines the range says that discretion but what she would be the basis that in view of your answers to judge Diaz's question that Simmons does not require that result what would be the basis that you would give us for making that holding that this is the new rule what's the basis for your honor Norman Carl contended that the statements in Simmons about the 18 offense levels that would be dicta that wasn't necessary the court could have could just said it's determined based on prior criminal record and offense class but the court distinguished those 18 offense levels and then it it read and it and it it it went to links to distinguish between the aggravated range and the presumptive range and then you the court this honorable court went on in Powell and in Miller to reaffirm that in addition to the offense class prior record level there's a third factor and that's the aggravated range of punishment and and car does take aggravated range of punishment to mean the three ranges not just the top range you've got some more time to use it ah one more state brief statement just practical the state judge gave Norman Carl a sense when eight-month minimum a sense in the presumptive range has a has a has a minimum sentence of nine months if he was convicted of an offense the presumptive range you know what the judge could have chosen but she didn't chose choose it and eight months since when authorized and and that the Senate I think I think the government concedes that he was actually sentenced in the mitigated range oh yes there's no dispute about that the question is what is the effect of the judge's decision on his on the consequence what are the consequences from that on the federal statute has he been convicted of a crime punishable by more than one year and your argument is that he has not that's right because the judge constrained her discretion by choosing to sentence in the mitigated range that's correct and to rule otherwise simply returns to heart is that your argument how if we rule that the presumptive range just because the judge has discretion to sentence in the presumptive range even though the judge has exercised her discretion afforded by statute not to do that how is that different from our prior precedent in heart because in heart we said well judge could sentence as if the person is the most felonious at the highest aggravating level and and Simmons took all of that away and so is that your argument that basically yes you are this that was Simmons is to look at what the this person was the kind of serious person who deserves 15 years in federal prison based on the record that was presented to her all of our cases talk about not all of them but many of our cases talk about what Congress was after under the Armed Career Criminal Act what Congress was after in 922 g1 felon in others told us as clearly as possible this is not the person that Congress is interested in the US Attorney may be interested in him but Congress wasn't interested in this person because North Carolina law doesn't treat him as that kind of person you've got some more time for rebuttal thank you y'all thank you Mr. Rand we'd be glad to hear from you good morning my police court Ripley ran for the government what's the answer judge Davis's question is this a defendant that is barred from being treated as someone who in fact was eligible for a sentence of greater than a year the government would contend based on North Carolina statutory law North Carolina case law and this court's decision in Simmons that mr. Kerr was eligible to be punished by more than a year for his Davis says we're going back to harp why is heart different than this case harp is different from this case because in harp this court looked at the absolute maximum sentence that any defendant could receive under North Carolina law to determine what what the maximum punishment was even if in fact that defendant could that particular defendant could not receive that sentence that's correct in this case mr. Kerr the government would contend was eligible to receive a sentence of more than a year based on both the North Carolina statutes and the North Carolina case law interpreting those statutes in creating the three different ranges of structured sentencing under which is authorized under 15 a 1340 point 17 the General Assembly did not create a wall between each of those ranges it created a door on each of those ranges pursuant to which the judge could move up or down in an exercise of his or her discretion in 15 a 1340 point 13e the statute reads that the court may deviate from the presumptive range when a judge finds both aggravators and or mitigators and determines that the aggravated or mitigated range may apply in 15 a 1340 point 16 be the General Assembly said that the court may depart from the presumptive range if aggravators and mitigators apply and may impose a sentence in the mitigated range and the case law in the cane case in the Bivens case and the Norris case the North Carolina courts have said that even when a judge finds that mitigators outweigh aggravators or aggravators outweigh mitigators either way and finds that a mitigated range sentence is appropriate that judge still has the discretion to sentence within the presumptive range irrespective of the findings no dispute about any of that and here we have a judge who said this guy doesn't get more than one year that's correct and so the judge can go to aggravated the judge can remain in presumptive the judge can go to mitigated the judge can make mitigation findings and still go to presumptive but here on this defendant given his record a real judge with a real defendant in front of her said this guy gets no more than eleven months so which is more consistent with Simmons the government would contend that consistent with Simmons and the North Carolina law that the maximum punishment that mr. crop excuse me that mr. Kerr could have received up until the time that the judge imposed the actual sentence was fourteen months I'm not sure I know what you mean by up until the time the judge imposed the actual sentence the government disagrees with mr. crop that the exercise of discretion is complete once the judge chooses the sentencing range under the the statutes under 15 a the government would contend that the exercise of discretion is complete once the judge chooses the actual sentence that in exercising his or her discretion the judge doesn't just choose a range the judge chooses an actual sentence and at the right before the moment when the judge chooses the actual sentence mr. Kerr is eligible to receive a sentence from anywhere from seven months at a minimum to 14 months at a maximum but if the judge says I'm going to sentence from the mitigated range and the upper end of that mitigated range does not allow for a sentence of greater than a year then has he hasn't he then circumscribed his discretion and actually dictated what the appropriate range is going to be well in Simmons at page 244 this court said we do not rely on the structured sentencing act to decrease the maximum term of imprisonment but to establish the maximum term but I think that's what judge Diaz just asked you you say and I understand the argument you say until the judge impose a sentence everybody's in the dark um in fact you seem to be suggesting even the judge is in the dark until the judge pronounce a sentence but in fact the judge presumably will say some judges certainly many judges will say I'm gonna sentence in the mitigated range judge could say that on the record and thereby announced to the whole world including the North Carolina legislature I've now bound myself so I'm not sure it's true that everybody's in the dark including the judge until the judge actually impose a sentence I think the judge knows full well what she's going to do when she makes the determination as she did here this defendant will be sentenced in the mitigated range now whether the judge actually announced that on the record of course we don't know we don't have a transcript do we not that I'm aware of right we don't have a transcript but certainly many judges in both state and federal court say things like that every day and then they turn to counsel and they say you know in fact in federal court the judge is almost mandated to declare as you well know what the guidelines are before the judge entertains allocution from from the from the parties so I'm not sure it's persuasive to say the judge is in the dark about what the sentence is going to be how she's going to exercise her range well both the cane and the Bivens case in both of those cases and in numerous other cases that the government cited in the brief the judges found that the mitigators outweigh the aggravators or the aggravators outweigh the mitigators the judge found one mitigator and and then the judge said despite that this guy belongs in the presumptive correct and so that that is consistent with North Carolina law which says that the judge has the discretion even when a judge finds that a mitigator outweighs any aggravators or vice versa to sentence within the presumptive range or within any range that is available to the judge based on the judge's findings the government would contend know that under the three factors I agree with mr. Crump that under note 9 in Simmons that the three factors are the offense level of a criminal record and the availability of the aggravated range the aggravated range is not an issue here and so the maximum sentence that mr. Kerr face for the 2008 breaking rendering convictions was 14 months the rule that mr. crop would have this court imposed would be to tell the district judges to ignore North Carolina law which is straightforward under 15a about the discretion and to focus on the actual sentence that was imposed by the state court judge actual sentence or the set range I mean that I don't think he's gone that far I think he's suggesting that if the upper end of the mitigated range for a particular defendant can in no situation result in a sentence of greater than a year then that's that's the actual sentence sentence range for that defendant and the federal judge should consider that accordingly well some of the of the North Carolina ranges North Carolina ranges are concurrent sentences so in the mitigated range mr. Kerr could have received a sentence of 9 to 11 months or in the presumptive range mr. Kerr could have received a sentence of 9 to 11 months so mr. crop is arguing as I understand it that a 9 to 11 month sentence in the mitigated range is somehow different from a 9 to 11 month sentence in the presumptive range when the judge had discretion to impose it under either range again this is not a completely separate from the presumptive range which is completely separate from the aggravated range at the time judgment I'm sorry to interrupt but I thought the presumptive range here was 14 the presumptive range at a maximum was 14 right right so if he'd been sentenced at the presumptive range we wouldn't be here that's correct so I'm not sure I understand what you just said what what I believe mr. Krump to be all you don't get it I mean I'm sorry you don't get a nine-month sentence in North Carolina right for anything the sentence is from X to Y correct and the difference here is between the mitigated range where Y is less than one year and the presumptive range where Y is more than one year correct and that that's what drives the outcome of this case right right and the judge chose the mitigated range correct and so we're trying to figure out what is the legal effect on the defendant and his culpability under federal law of the judge's decision to circumscribe her discretion and treat mr. Kerr in the mitigated range not the particular sentence she chose but the range she chose for him given his record the offenses and the mitigating factors under 15 a 1340 point 13 and 15 a 13 40 point 16 up until the time she chose the 8 to 10 month sentence judge Menifee could have imposed a sentence either in the mitigated range or in the presumptive range even when she found that the mitigators outweighed any aggravators and that the Senate should come from the presumptive range up until the time she said 8 to 10 she had the discretion either to impose a sentence in the presumptive range or in the mitigated right she didn't say 8 to 10 she said the mitigated range applies in this case to this defendant and what the statute say and what the case law says is even when the judge says that the judge still has the discretion to impose a sentence in the presumptive right I didn't say the mitigated range applies in this case what the judge said in Bivens is there is one mitigating factor and no aggravating factor and therefore the mitigated range is available to me but I think the sentence should be in the presumptive range that's what the judge said in Bivens well in Kane the judge said a mitigated range the mitigators outweighed the aggravators and that a mitigated range sentence was justified and then sentencing the court of appeals said that the law does not require a mitigated range sentence when a judge finds that the mitigators outweigh the aggravators even if a mitigated range sentence is appropriate well appropriate I think is different from justified not to cut cut it too thinly I think this record supports the conclusion that the judge said the mitigated range applies that this defendant should be sentenced in the mitigated range not that it was justified or not that the mitigated factors outweigh the aggravating factors or that there are no aggravating factors this judge seems to have clearly chosen the mitigated range that is what the record in this case shows unequivocal in the findings the the determination of aggravators and mitigators that is what this record shows the government would contend based on the North Carolina law under 15 a and the cane in the Bivens case that the appropriate ranges of punishment that were eligible for mr. Kerr to be sentenced gave him a maximum sentence of 14 months and unless the court has any questions the court would I think at one point you were about to talk about the problems that federal courts might face in dealing with a scenario where a state court judge found mitigating factors as you have suggested and nonetheless proceeded to impose a presumptive sentence and I'm not sure that I follow that because it seems to me that if we agree with mr. Kerr's rationale what we look at is the range of sentence not the actual sentence but the range of the sentence that a particular defendant was exposed to why would that be difficult for a judge to figure out it's right there on the worksheet well in in some cases as some of the cases that the government cited in the brief the the state court judge found mitigating factors and found that the mitigating factors outweigh the aggravating factors and sentenced in the presumptive range anyway right so the range and decide whether or not in in this in that particular case the upper end of that presumptive range was in excess of a year or so then that that conviction applies for sentencing purposes for enhancement purposes what's what's the problem well in cases like the the Edmonds case and other cases where it was a 9 to 11 month sentence and a judge found mitigators I can envision a sort of set of circumstances where a lawyer says well this is actually a mitigated range sentence even though it says presumptive range because the judge found that mitigators outweighed aggravators and that this wasn't because it's not clear on the record or what well even if it says that it's a presumptive range sentence a 9 to 11 month sentence is the top of the mitigated range for sentencing purposes but why would we credit an argument that's clearly contradicted by the record well if there are mitigated sentences or a mitigated sentence from the mitigated range where mitigating factors are found I can envision a set of circumstances where a lawyer says this is actually a mitigated sentence because there were mitigating factors found kinds of things the question is whether or not that's reasonable well these are cases where presumptive range sentence were imposed that went to the state court so I mean this is not a hypothetical situation it has happened numerous times before Mr. Ray this is somewhat off point but I'm hoping you can help me out here does North Carolina have a felon disqualification provision I'm not sure that possession of firearms I'm not sure that I understand the terminology in federal law if you if you're convicted state or federal court of an offense punishable by more than one year you can't possess firearm that's what I mean by felony felon disqualification does North Carolina have an analogous state like a firearm by felon state charge yeah yeah yeah and I'm just curious if a person sentenced in the mitigated range as here eight to ten months how does the law apply to that person it would apply it would apply to any felony under North Carolina well the question is is that a felony if a person is sentenced at a mitigated range of eight to ten months is that person disqualified a prohibited person under state law yes and what's the rationale for that that it's a under North Carolina law is not a sentence punishable by more than one year that's correct it's what is the it's just a statutory term a statutory term okay I understand in Maryland we have like four-year felonies or four year misdemeanors I should say but of course under federal law they would be they would all be misdemeanors they would all be felonies because it's driven by the length of the potential sentence and that's only the only misdemeanor in North Carolina like North Carolina law like that is driving while you can everything else is a felony up to two months everything else is a felony in North Carolina but felonies any felony would count under that kind of okay and what is a felony in North Carolina is what the legislature says is a fellow correct I see I'm not surprised thank you mr. Rand thank you very very much mr. crump you've got some time on rebuttal thank you your honor the case cited by the government mr. Ryan the cane case that case is a pre-act case other words though it precedes the structure since an act I think it was the I think no client at that time had the fair Cincinnati had the you know you had presumptive sentences but you didn't have the structure sentencing so it wouldn't carry the the weight whatever weight that Bivens it would carry Norman Carr asked this honorable court to extend its reasoning in Simmons between the aggravated and presumptive ranges of in his case to the mitigated range of punishment Norman Kerr asked this court to defer to the state of North Carolina as to the seriousness of the offense that the maximum of the mitigated range of punishment was the maximum sense Norman Kerr could have received for his North Carolina convictions thank you mr. crump we note that you are court-appointed and we want to thank you for agreeing to serve in that role and we hope the Congress will enable us to pay you on a timely basis well it is a privilege to be up here I just we couldn't do our work if it weren't folks like you who agreed to serve on the court-appointed list thank you so much thank you we will come down in Greek County
judges: G. Steven Agee, Andre M. Davis, Albert Diaz